# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN D ANDERSON, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 7:17-cv-00177-HL-TQL |
| Warden MARTY ALLEN, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff John D. Anderson and Demarcus Gresham, confined at Valdosta State Prison, jointly filed a *pro se* civil rights action under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Under the Prison Litigation Reform Act, prisoners proceeding in forma pauperis are not allowed to join together as plaintiffs in a single lawsuit. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Consequently, Mr. Gresham and Mr. Anderson's complaints were severed into two separate actions. Currently before the Court is Mr. Anderson's complaint.

On November 8, 2017, the Magistrate Judge Ordered Plaintiff to submit a motion to proceed *in forma pauperis*. Order 1, ECF No. 6. Because the joint complaint did not raise claims personal to Mr. Anderson and provided insufficient facts to state a claim, Plaintiff was also ordered to file a recast complaint. *Id.* The Magistrate afforded Plaintiff twenty-one (21) days in which to file a recast complaint and advised Plaintiff that

noncompliance could result in the dismissal of his complaint. *Id.* at 3. Plaintiff submitted a Motion for Leave to Proceed IFP and sought an extension of time to comply with the Order to recast his complaint. *See* Motion for Ext. of Time, ECF No. 9. On December 27, 2017, the Magistrate Judge granted Plaintiff *in forma pauperis* status, and afforded him an additional twenty-one (21) days in which to submit his recast complaint. Order, ECF No. 10. That deadline passed without compliance, and on February 2, 2018, the Magistrate Judge ordered Plaintiff to show cause why this action should not be dismissed for failure to comply. Order to Show Cause, ECF No. 11. The Magistrate Judge again warned Plaintiff that failure to fully and timely comply would result in the immediate dismissal of his complaint. *Id*. at 1

As of today's date, the twenty-one (21) day deadline to show cause has passed without response from Plaintiff, and nearly four months have elapsed since the Magistrate Judge originally ordered Plaintiff to recast his complaint. Despite being afforded numerous opportunities to do so—and being repeatedly advised of the consequences of not doing so—Plaintiff has failed to comply with orders of this Court. Plaintiff has also failed to diligently prosecute this action. For these reasons, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.[1] *See* Fed. R. Civ. P. 41(b); *Brown v.*

---

[1] The initial complaint in this action failed to raise claims personal to Plaintiff, and Plaintiff has failed to recast his complaint in accordance with Court Orders. The Court, therefore, is unable to determine of what constitutional issues Plaintiff complains and the dates on which they may have occurred. The only date in the original complaint is November 2015. If Plaintiff's claims, to the extent that he has any, accrued on that date, then Georgia's Statute of Limitations has likely run since Plaintiff filed this complaint. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). *But see Scott v. Muscogee Cty.*, Ga., 949 F.2d 1122, 1123 (11th

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED** this 12th day of March, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

---

Cir. 1992) (Georgia's renewal statute (O.C.G.A. § 9-2-61) may apply in a 42 U.S.C. § 1983 action). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Magistrate Judge ordered plaintiff to recast his complaint and then granted Plaintiff an extension to do so. When Plaintiff failed to comply with the extended deadline, Plaintiff was ordered to show cause. Both orders informed Plaintiff that failure to respond would result in dismissal of this action. Plaintiff's third opportunity to recast his complaint has now elapsed. *See Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) (upholding sua sponte dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008) (same).